UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHRISTINE ASKINS and GILES ASKINS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) NO. 3:20-cv-00013 ) ) JUDGE RICHARDSON |
| HARWARD STEPHENS, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Christine and Giles Askins, Tennessee residents, filed a *pro se* complaint against Harward Stephens. (Doc. No. 1.)

In keeping with the mandate that the Court must establish subject-matter jurisdiction in every case, *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009), the Court issued an Order to Show Cause to Plaintiffs on February 17, 2020. (Doc. No. 14.) In that Order, the Court explained that Plaintiffs had not provided sufficient information to establish subject-matter jurisdiction. (*Id*.) Specifically, Plaintiffs neither indicated whether they were relying on federal question jurisdiction or diversity of citizenship jurisdiction, nor completed Section II of the form complaint entitled "Basis for Jurisdiction." *(Id*. at 2.) The Court further noted that other portions of the complaint indicated that subject-matter jurisdiction might not exist, because the parties are not diverse and the Plaintiffs' claim involves an alleged breach of a lease (under state law) rather than a violation of federal law. (*Id*.) Accordingly, the Court gave Plaintiffs an opportunity to establish subject-matter jurisdiction by submitting a completed Section II of the

form complaint within 21 days. (*Id*.) The Court expressly warned Plaintiffs that failure to do so would "result in dismissal of the complaint without prejudice if appropriate." (*Id*.)

In the two weeks following issuance of the Order to Show Cause, Plaintiffs made 12 different filings consisting of multiple "letters," several "accusatory briefs," a second motion for default judgment, a "supplementary declaration," and additional "proof." (Doc. Nos. 15-26.) Only one of these filings addresses subject-matter jurisdiction. In a "Letter Regarding Federal Question" dated February 21, 2020, Plaintiffs state: "We are not claiming diversity of citizenship jurisdiction. We the Plaintiff[s] properly invoke[ ] federal-question-juris[d]iction under Section 1331 when [we] plead[ ] a colorable claim 'arising under' the Constitution or law of the United States." (Doc. No. 21 at 1.) However, no further information is provided about such a federal claim. These filings instead focus on other matters, such Plaintiffs' service of Defendant, Plaintiff's attempt to secure a default judgment, the relationship of this case to Plaintiffs' parallel dispute with Defendant in state court, and Plaintiff's substantive dispute with Defendant over a residential lease agreement. (*See* Doc. Nos. 15-26.)

On March 13, 2020, Plaintiffs filed a document entitled "Response to Order to Show Cause." (Doc. No. 29.) This 38-page response consists mostly of various pages of Plaintiffs' prior filings. (*Compare id*. with Doc. Nos. 15-26.) Plaintiffs have included a supplemental page, dated March 5, 2020, in which they merely mention "properly invok[ing] federal jurisdiction under Section 1331" and "establish[ing]   . . . jurisdiction beforehand." (Doc. No. 29 at 12.) However, no additional information relevant to subject-matter jurisdiction is provided.

Plaintiffs have not complied with the Court's Order to Show Cause. None of Plaintiffs' 13 filings after the Order to Show Cause contains the required completed Section II of the form complaint. This alone is grounds for dismissal of the Complaint. *See* Fed. R. Civ. P. 41(b).[1]

More importantly, however, Plaintiffs have not met their burden of establishing that the Court has subject-matter jurisdiction to hear this case. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (explaining the plaintiff bears the burden to establish subject-matter jurisdiction). Taken together, the scant statements made in Plaintiffs' filings are plainly insufficient to confer such jurisdiction. Plaintiffs' general assertions merely restate the standard without providing any further explanation—precisely the deficiency that the Order to Show Cause gave Plaintiffs the chance to correct. Thus, despite being given the specific opportunity, Plaintiffs have provided no assistance to the Court in identifying any federal statute or provision of the U.S. Constitution under which Plaintiffs purport to bring a claim against Defendant.

Furthermore, Plaintiffs have confirmed the Court's prior suspicions that subject-matter jurisdiction under Section 1331 indeed does not exist. The Court has closely reviewed all factual allegations and "proof" advanced in Plaintiffs' filings, and it is evident that Plaintiffs are involved

---

[1] As this Court has noted:

> Rule 41 provides that a court may dismiss an action *sua sponte* if a plaintiff fails to prosecute the action or fails to comply with the Federal Rules of Civil Procedure or an order of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.Co.*, 370 U.S. 626, 629 (1962) (noting that "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted"); *Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) (stating that "[i]t is clear that the district court does have the power under [Fed.R.Civ.P. 41(b) ] to enter a *sua sponte* order of dismissal").

Vecchio v. Carol, No. 3:17-CV-01501, 2018 WL 3632145, at *1 (M.D. Tenn. July 31, 2018), report and recommendation adopted sub nom. Vecchio v. Jensen, No. 3:17-CV-01501, 2018 WL 3997349 (M.D. Tenn. Aug. 21, 2018).

in a dispute with Defendant over a residential lease agreement and potential eviction. (*See* Doc. Nos. 15-26, 29.) While these issues may be of great importance to Plaintiffs, they are matters of state law and thus not sufficient grounds to invoke federal question jurisdiction. *See* 28 U.S.C. § 1331.

When a plaintiff fails to establish jurisdiction, the Court must dismiss the case without prejudice. *Ernst v. Rising*, 427 F.3d 351, 366 (6th Cir. 2005); *Revere v. Wilmington Fin.*, 406 F. App'x 936, 937 (6th Cir. 2011). Plaintiffs were expressly warned of the possibility of dismissal in the Order to Show Cause.[2] Because Plaintiffs have not provided a sufficient basis for the Court to exercise subject-matter jurisdiction, this case is **DISMISSED** without prejudice.

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiffs' response includes an underlined version of the Order to Show Cause, thus establishing that they were aware of the Court's requirements and warning concerning dismissal. (*See* Doc. No. 29 at 14-16.)